UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CHANA CORCIA,
on behalf of herself and the class defined herein,

Plaintiffs,

v.

FEIN, SUCH & CRANE, LLP;
AMERICAS RESIDENTIAL PROPERTIES, LLC
A Fictitious Name a/k/a USA RESIDENTIAL PROPERTIES, LLC
Defendants.
-----------------------------------------------------X

Case No. 13-cv-957-ADS-GRB

**"CLASS ACTION" AMENDED COMPLAINT**

Plaintiff, by her attorney, Shimshon Wexler, as and for her complaint against the defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Fein Such & Crane, LLP ("FS&C") and Americas Residential Properties, LLC a Fictitious name a/k/a USA Residential Properties, LLC ("ARP"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4.     Venue and personal jurisdiction in this District are proper because:

    a.     Defendants' communications were received by plaintiff within this District;

    b.     Defendants do business within this District.

## PARTIES

5.     Plaintiff, Chana Corcia, is an individual who resides in Long Beach, New York.

6.     Defendant, FS&C, is a corporation with offices in Chestnut Ridge, New York.

7.     Upon information and belief FS&C is a law firm engaged in the business of collecting debts allegedly owed to others and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8.     ARP is a foreign limited liability company and it buys mortgage loans that are in default and fits the definition of a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

9.     On or about June 4th 2012, plaintiff received a letter from FS&C stating "Creditor: Americas Residential Properties, LLC". See Exhibit A.

10.    Exhibit A was the initial collection "communication" with the consumer as "communication" is defined by the FDCPA.

11. In conveying Exhibit A defendant sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal home loan.

12. Exhibit A is a standard form documents.

13. More than 50 letters similar to Exhibit A have been conveyed during the last 12 months.

14. Exhibit A is conveyed to consumers with the knowledge and consent of defendant.

15. Documents in the form represented by Exhibit A are regularly conveyed to collect delinquent debts.

16. According to the mortgage foreclosure complaint dated December 18th, 2012, signed by FS&C, paragraph 7 states that "Said Mortgage was further assigned by Bank of America, NA………… to The Bank of New York Mellon Trust Company, NA…….by assignment acknowledged September 28, 2012, to be recorded. Said mortgage was further assigned by The Bank of New York Mellon Trust Company, NA……….. to Americas Residential Properties, LLC by assignment acknowledged October 9, 2012 to be recorded. Copies of the assignments are attached." See Exhibit B.

17. The assignment referred to in the above paragraph is attached as Exhibit C, and states "Said mortgage was further assigned from The Bank of New York Mellon Trust Company, NA……….. to Americas Residential Properties, LLC by this assignment to be recorded…………Assignor does hereby assign, and transfer to Assignee all rights accrued under said Mortgage and all indebtedness secured thereby."

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

19. The conduct of FS&C and Americas Residential Properties in this case violates 15 U.S.C. §§1692, 1692e and 1692g.

Section 1692g entitled Validation of Debts states
(a) **Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt
(2) the name of the creditor to whom the debt is owed;

20. FS&C's letter did not state the name of the creditor as according to FS&C's own complaint and documents, Americas Residential Properties, LLC acquired the mortgage not on June 4th, 2012 but on October 9th, 2012.

21. Defendants violated 15 U.S.C. §1692e which provides:

§ 1692e. False or Misleading Representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

22.     FS&C's letter contained a false statement as to the name of the creditor.

23.     As a result of the illegal conduct of FS&C, plaintiff is entitled to statutory damages pursuant to 1692k.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

25.     The class consists a) of all individuals with a New York address who have incurred a consumer debt and had a letter in substantially the same form as Exhibit A sent to them where the letter stated "Creditor: Americas Residential Properties, LLC", when Americas Residential Properties, LLC was not the creditor b) on or after a date one year prior to the filing of this action.

26.     The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

27.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the activities of the defendant violate the FDCPA.

28.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

29.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

30. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendants for:

(1) Statutory damages and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
3-19-2013

**The Law Offices of Shimshon Wexler, PC**

By:______________________
Shimshon Wexler (SW0770)
Attorney for Plaintiff
PO Box 250870
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Exhibit A

FEIN, SUCH & CRANE, LLP
COUNSELLORS AT LAW
747 CHESTNUT RIDGE ROAD
SUITE 200
CHESTNUT RIDGE, NEW YORK 10977
(845) 371-4700

Telecopier (845) 371-4747

Northern New York
28 E. Main Street
Rochester, New York 14614
(585) 232-7400
Telecopier (585) 325-6201

New Jersey Office
7 Century Drive
Suite 201
Parsippany, New Jersey 07054
(973) 538-4700
Telecopier (973) 538-8234

REPLY TO: NEW JERSEY ADDRESS

June 4, 2012

**VIA REGULAR MAIL**
CHANA CORCIA
44 VINTON STREET
LONG BEACH NY 11561

RE: Borrower: CHANA CORCIA
Creditor: AMERICAS RESIDENTIAL PROPERTIES LLC
Mortgage Loan No.: ******3219
Our File No. RSHN008

Dear CHANA CORCIA:

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND DOES NOT IMPLY THAT THE MORTGAGEE IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO IS NOT AN OBLIGOR ON THE LOAN OR WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY OR ANY OTHER LAWS OF THE UNITED STATES.**

Please be advised that this firm has been retained to represent the above named mortgage creditor. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact Matthew Mountes, of this office at (845) 371-4700 ext. 295, between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday.

As of the date of this letter, you owe a balance of $587,428.90. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before processing your payment. For more detailed payoff information, please submit a written request via fax at 845-371-4747.

Case 2:13-cv-00957-ADS-GRB Document 1 Filed 02/19/13 Page 8 of 12 PageID #: 8
Exhibit A

Unless, within thirty days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of any such judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days after the receipt of this notice we will provide you with the name and address of the original creditor.

However, if you dispute the debt in writing or if you request proof of the debt or the name and address of the original creditor within the thirty day time period that begins upon receipt of this letter, the law requires that we stop our collection efforts (through litigation or otherwise) to collect the debt or until we mail the requested information to you.

This firm is hired to collect on this debt but will only file a foreclosure suit in New York and will not file suit anywhere outside of New York. The law does not require that we wait until the end of the thirty-day period before commencing suit against you in New York to collect this debt except that if, you request proof of the debt or the name and address of the original creditor within the thirty day time period that begins upon your receipt of this notice, the law requires that we stop our collection efforts (through foreclosure in New York) to collect the debt until we mail the requested information to you.

Very truly yours,
FEIN, SUCH & CRANE, LLP

Case 2:13-cv-00957-ADS-GRB Document 1 Filed 02/19/13 Page 9 of 12 PageID #: 9
Exhibit B

however designated, if named as defendants, are made parties solely by reason of the facts set forth in the annexed "Schedule B."

**FOURTH:** That on or about November 20, 2006 the defendant(s) CHANA CORCIA for monies loaned and for the purpose of securing to plaintiff or plaintiff's predecessor, its successor and assigns, a sum of money, duly executed and acknowledged a certain bond(s) or note(s), as annexed hereto in "Schedule C," whereby they bound themselves, their successors or heirs, executors, administrators and assigns, and each and every one of them, jointly and severally, in the amount of $496,000.00 plus interest at the rate 6.500% and agreed to repay said sums in monthly principal and interest payments on the first day of each and every month.

**FIFTH:** Plaintiff is the holder of the Note referenced in paragraph FOURTH and entitled to enforce the Note. The Note was payable to Plaintiff or indorsed (specifically or in blank) and negotiated to Plaintiff. A copy of the Note with the indorsement(s) and/or allonge(s) is annexed hereto as Schedule "C".

**SIXTH:** That as security for the payment of said indebtedness, a Purchase Money Mortgage(s) was executed as annexed hereto in "Schedule D," acknowledged and delivered to the stated Lender/Mortgagee, its successors and assigns, wherein the named mortgagor or mortgagors bargained, granted and sold to the mortgagee named therein, its successors and assigns, the premises more particularly described therein (hereinafter, the "Mortgaged Premises") under certain conditions with rights, duties and privileges between the parties as described therein.

**SEVENTH:** The Mortgage is currently held by Plaintiff. The mortgage was originated by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD to secure the sum of $496,000.00, which was recorded in the

Case 2:13-cv-00957-ADS-GRB Document 1 Filed 02/19/13 Page 10 of 12 PageID #: 10

NASSAU County Clerk's Office on November 30, 2006, in Liber 31264 of Mortgages, at Page 527, et seq. Said Mortgage was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD. to BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP by Assignment dated August 30, 2011 and recorded on April 26, 2012 in the Office of the County Clerk in Liber 37159 of Mortgages, at page 697, et seq. Said Mortgage was further assigned by BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP to THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STABFUND (USA) RESIDENTIAL MORTGAGE TRUST by Assignment acknowledged September 28, 2012, to be recorded. Said Mortgage was further assigned by THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STABFUND (USA) RESIDENTIAL MORTGAGE TRUST to AMERICAS RESIDENTIAL PROPERTIES LLC by Assignment acknowledged October 9, 2012, to be recorded. Copies of the Assignments are attached. As such, Plaintiff is current beneficiary of the Mortgage securing the Note, the originals of which are in Plaintiff's possession and control, and Plaintiff is otherwise entitled to enforce the subject Mortgage and Note pursuant to law.

**EIGHTH:** That said mortgage(s) was duly recorded and the mortgage tax(es) due thereon was duly paid in the County Clerk's Office at the place and time that appears therein.

**NINTH:** That Plaintiff has complied with all applicable provisions of the RPAPL Section 1304 and Banking Law, and specifically with Banking Law §§ 595-a and 6-l and 6-m if

Exhibit C

ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS that THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFORD (USA) RESIDENTIAL MORTGAGE TRUST, with an address of [illegible] N. [illegible] ST [illegible] FL, SUITE [illegible] BIRMINGHAM AL [illegible] ("Assignor"), does hereby ASSIGN AND TRANSFER to AMERICAN RESIDENTIAL PROPERTIES LLC, with an address of 2711 CENTERVILLE RD, STE 400, WILMINGTON, DE [illegible] ("Assignee"), all right, title and interest in and to that certain Mortgage executed by CHANA CORCIA, mortgagor(s) to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD dated November [illegible], 2006, and recorded in the Office of the Clerk of the County of NASSAU, State of New York, on November [illegible], 2006 in Liber M [illegible] at Page [illegible], given to secure the payment in the original amount of Four Hundred Ninety-Six Thousand and no/100 Dollars ($496,000.00).

Chain of Title is as follows;
(1) A Mortgage executed by CHANA CORCIA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD dated November 20, 2006, and recorded on November [illegible], 2006 in Liber M [illegible] at Page [illegible] in the amount of $496,000.00. (2) Said Mortgage was assigned from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT FUNDING, LTD. to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP by Assignment dated August [illegible], 2011 and recorded on April [illegible], 2012 in Liber M [illegible] on Page [illegible]. (3) Said Mortgage was then assigned from BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP to THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFORD (USA) RESIDENTIAL MORTGAGE TRUST by an Assignment to be recorded simultaneously herewith. (4) "Said Mortgage was further assigned from THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFORD (USA) RESIDENTIAL MORTGAGE TRUST to AMERICAN RESIDENTIAL PROPERTIES LLC by this Assignment to be recorded."

The real property covered by said Mortgage is located and known as 46 VERNON STREET, LONG BEACH, NY [illegible], Section [illegible], Block [illegible], Lot 4 & 5 and is more fully described in the Mortgage. Assignor does hereby assign, and transfer to Assignee all rights accrued under said Mortgage and all [illegible] thereby.

THIS ASSIGNMENT is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, said

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE STANFORD (USA) RESIDENTIAL MORTGAGE TRUST BY [illegible] MANAGEMENT SERVICES LLC ITS APPOINTED ATTORNEY IN FACT

has caused this instrument to be signed by its [signature] this 9 day of October, 2012.

[illegible] A. Rocha, Assistant Vice President

STATE OF California )
COUNTY OF [illegible] ) ss.

On this the ___ day of __________, 2012, before me the undersigned, a notary public in and for the state above, __________, personally appeared and personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument the individual(s), or person upon behalf of which the individual(s) acted, executed the instrument.

Signature

Notary Public
My Commission Expires:
See attached acknowledgment

When recorded mail to:
Feln, Such, & Crane, LLP.
7 Century Drive
Parsippany, NJ 07054 Our File #: [illegible] Loan #: [illegible]
of 2, record second

Exhibit E

## ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of [illegible]

[illegible]

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

[illegible]

Signature of Notary

(seal)

A04 - [illegible]